Case 4:23-cv-00990   Document 27   Filed on 09/26/23 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
September 26, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMSON TSAROUMIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-990 |
| | § | |
| GREAT LAKES INSURANCE SE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion to remand filed by the plaintiff, Samson Tsaroumis ("Tsaroumis"). The motion (Dkt. 9) is **DENIED**. Defendant Southgate Insurance ("Southgate") is **DISMISSED WITHOUT PREJUDICE**.

## FACTUAL AND PROCEDURAL BACKGROUND

This is a first-party insurance case. Tsaroumis, the policyholder, filed a form pleading in Texas state court that recites the elements of numerous causes of action under Texas law but contains very few specific facts. Tsaroumis's state-court pleading alleges that a severe winter storm that struck Texas in February of 2021 caused unspecified damage to his home. (Dkt. 1-3 at p. 6). The pleading further alleges that Tsaroumis made a claim under a homeowner's insurance policy procured for him by Southgate and that the homeowner's insurance carrier, Defendant Great Lakes Insurance SE ("Great Lakes"), did not fully pay the claim. (Dkt. 1-3 at pp. 6–9).

Beyond that, the pleading's allegations are difficult to discern. For instance, it is unclear whether Great Lakes underpaid Tsaroumis's claim or denied coverage for the claim

altogether. At one point, Tsaroumis states that Great Lakes "summarily denied [his] claim without an adequate explanation" and told him that he "was not covered by such a risk, even though it was an occurrence covered by the policy." (Dkt. 1-3 at p. 7). But at the bottom of the same page, Tsaroumis seems to allege that Great Lakes underpaid the claim and accuses Great Lakes of "fail[ing] to provide [him] with an explanation for its offer of a settlement that was insufficient in value." (Dkt. 1-3 at p. 7). And at the top of the next page, Tsaroumis implies that he himself got sued when he pleads that Great Lakes "failed to indicate that it would pay for and provide a defense in the Action under the provisions of its policy[.]" (Dkt. 1-3 at pp. 7–8).

By the same token, Tsaroumis's discussion of his policy's coverage provisions is confusing and internally contradictory. In consecutive sentences, his pleading accuses Great Lakes of "misrepresent[ing] to [him] that the insured person *was not* covered by such a risk" and then accuses Southgate of "misrepresent[ing] to [him] that the insured person *was* covered by such [a] risk." (Dkt. 1-3 at p. 7) (emphasis added). Compounding that paragraph's incomprehensibility is the fact that Tsaroumis seems to be accusing Southgate of making both mutually exclusive misrepresentations:

> 14. DEFENDANT INSURANCE COMPANY and DEFENDANT INSURANCE AGENT misrepresented to Plaintiff that the insured person was not covered by such a risk, even though it was an occurrence covered by the policy. Even though DEFENDANT INSURANCE COMPANY denied that the insured person was protected by such peril, DEFENDANT INSURANCE AGENT and DEFENDANT INSURANCE AGENT misrepresented to Plaintiff that the insured person was covered by such risk. It is alleged that their actions constitute violations of the Texas Insurance Code.

Dkt. 1-3 at p. 7.

The pleading does not provide the actual language of the policy, and it does not set out what Great Lakes and Southgate specifically said to Tsaroumis or when they said it.

Great Lakes removed this lawsuit to this Court on the basis that diversity jurisdiction exists because Southgate, which is a Texas citizen, was improperly joined. (Dkt. 1). Tsaroumis concedes that the diversity jurisdiction statute's amount-in-controversy requirement is met but argues that Southgate was properly joined. (Dkt. 9 at p. 2). Judging by the record, Tsaroumis has not served Southgate and in any event has not even attempted to do so.

## LEGAL STANDARD

Generally, a defendant may remove to federal court any state court civil action over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction—commonly referred to as "diversity jurisdiction"—over civil actions in which: (1) all persons on one side of the controversy are citizens of different states than all persons on the other side; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332; *see also McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). The removing party bears the burden of establishing by a preponderance of the evidence that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## ANALYSIS

The Court now turns to the question of whether Great Lakes has established that the federal courts have diversity jurisdiction over this lawsuit.

—*Amount in controversy*

Tsaroumis concedes that the diversity jurisdiction statute's amount-in-controversy requirement is met. (Dkt. 9 at p. 2). However, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A removing defendant meets its burden of establishing the requisite amount in controversy for diversity jurisdiction if: "(1) it is apparent from the face of the petition that the claims exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723.

Although Tsaroumis's state-court pleading is too vague to settle the issue, Great Lakes has nevertheless met its burden of showing that the amount-in-controversy requirement is satisfied. In its notice of removal, Great Lakes points to a pre-suit demand letter that it received from Tsaroumis in which Tsaroumis states that Great Lakes owes him $135,927.01 on his claim. (Dkt. 1-4 at p. 1). The letter suffices to show that the amount-in-controversy requirement is met. *See Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908, 910–12 (5th Cir. 2002) (considering insured's demand letter as evidence of amount in controversy in jurisdictional analysis).

*—Improper joinder*

Great Lakes has also met its burden of showing that Southgate was improperly joined.

i. The applicable procedure

Diversity jurisdiction is absent if any plaintiff in the case is a citizen of the same state as any named defendant, provided all nondiverse defendants have been "properly joined." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (quotation marks omitted). As a result, if the plaintiff has named a nondiverse defendant, a removing diverse defendant must prove that the nondiverse defendant was improperly joined in order to establish diversity jurisdiction. *Id*. at 575. A diverse defendant can carry its burden of proving improper joinder by demonstrating "that there is no reasonable basis for the [federal] district court to predict that the plaintiff might be able to recover against [the] in-state defendant." *Id*. at 573. In evaluating whether the defendant has carried its burden, the district court may, and typically does, begin by "conduct[ing] a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*.

When conducting the Rule 12(b)(6) analysis, the district court looks at "the state court complaint as it exists at the time of removal[.]" *Cavallini v. State Farm Mutual Insurance Co.*, 44 F.3d 256, 264–65 (5th Cir. 1995); *see also Turner v. GoAuto Insurance Co.*, 33 F.4th 214, 215, 217 (5th Cir. 2022) ("When a case is removed from state court to federal court and the plaintiff seeks to have the case remanded, we evaluate the complaint at the time of removal."). The district court evaluates the plaintiff's allegations against the

nondiverse defendant using the federal pleading standard. *International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). "To pass muster under Rule 12(b)(6), a complaint must have contained enough facts to state a claim to relief that is plausible on its face." *Id*. (brackets and quotation marks omitted). As the Fifth Circuit has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.
> *Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

  ii. <u>Tsaroumis's claims against Southgate</u>

In his motion to remand, Tsaroumis contends that his state-court pleading states a claim against Southgate for failure to procure insurance. (Dkt. 9 at p. 3). The Court disagrees.

Under Texas law, an insurance agent can be held individually liable for misrepresenting specific policy terms prior to a loss if the insured's reliance upon the misrepresentation actually caused the insured to incur damages. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). However, "[a]n insurance agent's statement that a policy will protect an insured is generally an expression of opinion, and opinion alone is not sufficient to support an action for fraud or misrepresentation." *Sohmer v. American Medical Security, Inc.*, No. 3:02-CV-1680, 2002 WL 31323763, at *2 (N.D. Tex. Oct. 15, 2002); *see also Test Masters Educational Services, Inc. v. Scottsdale Insurance Co.*, No.

4:06-CV-469, 2006 WL 2331050, at *4 (S.D. Tex. Aug. 8, 2006). Moreover, in order to show causation in a failure-to-procure-insurance case, the policyholder must show that coverage was commercially available for the loss sustained. *Metro Allied Insurance Agency, Inc. v. Lin*, 304 S.W.3d 830, 836 (Tex. 2009) ("Lin is required to present legally sufficient evidence that the coverage he sought is obtainable to surmount the causation hurdle."). And the misrepresentation itself does not constitute such proof. "The law is clear that misrepresentations about insurance coverage cannot, under the doctrine of estoppel, expand coverage provided in an insurance policy[,]" so a misrepresentation about insurance coverage, on its own, "is no evidence that a contract, had one existed, would actually have covered [the plaintiff's] damages." *Id*.

Tsaroumis's cut-and-paste state-court pleading contains almost no factual statements and is far too vague to establish a claim against Southgate for failure to procure insurance. To begin with, the pleading does not specify what representations regarding policy terms Southgate made or when it made them. Accordingly, the pleading fails to state facts showing that Southgate misrepresented a specific term of the insurance policy prior to the loss at issue. The pleading does not even explain what the exact nature of the loss at issue was; it simply says that "PLAINTIFF'S home was severely damaged due to the blackouts produced by Winter Storm Uri's devastation, which was exacerbated by the outages." (Dkt. 1-3 at p. 6). The utter lack of supporting facts dooms Tsaroumis's effort to allege an actionable misrepresentation on Southgate's part. *Cf. Parkins v. Texas Farmers Insurance Co.*, 645 S.W.2d 775, 777 (Tex. 1983), *abrogated in part on other grounds by Lin*, 304 S.W.3d at 835–36 ("Parkins nowhere shows that Farmers ever assured him of

coverage against fire loss under the circumstances present here or that they would issue a particular kind of policy. This case is therefore clearly distinguishable from *Royal Globe Ins. Co. v. Bar Consultants, Inc.,* [577 S.W.2d 688 (Tex. 1979),] where it was undisputed that the agent had expressly told the insured at the time the policy was written that he was 'totally covered' against any losses from vandalism."). Moreover, Tsaroumis's state-court pleading fails to plead facts establishing the causation element of a failure-to-procure-insurance case. There are no facts showing that coverage was commercially available for Tsaroumis's loss, the nature of which is, again, left undefined. *See Lin*, 304 S.W.3d at 836.

Tsaroumis's state-court pleading fails to state a claim against Southgate under a failure-to-procure-insurance theory or any other theory. Accordingly, Great Lakes has met its burden of showing that Southgate was improperly joined. Southgate's citizenship is disregarded for the purposes of ascertaining the existence of complete diversity, and all claims against Southgate are dismissed without prejudice. *International Energy Ventures*, 818 F.3d at 209 ("When, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without prejudice.") (emphasis omitted).

## CONCLUSION

Plaintiff Samson Tsaroumis's motion to remand (Dkt. 9) is **DENIED**. All claims against Defendant Southgate Insurance are **DISMISSED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas, on September 26, 2023.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE